UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMY J. OSBORNE | ) | CASE NO. 17-03591-RLM-7 |
| | ) | |
| DEBTOR. | ) | |

**MOTION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS**
**AND NOTICE OF OBJECTION DEADLINE**

Richard E. Boston, Trustee herein for the bankruptcy estate of Amy J. Osborne ("Debtor"), by counsel, by counsel, and moves the Court, pursuant to 11 U.S.C. §363, to approve the sale of property as described below and states:

1. This case was filed under Chapter 7 of the Bankruptcy Code on May 13, 2017 (the "Petition Date"). The Trustee is the duly appointed and acting trustee in this matter.

2. On the Petition Date, the Debtor scheduled an interest in real estate described as follows:

> Part of the Northeast Quater of Section Twenty-five (25), Township Sixteen (16) North, Range Twelve (12) East, in the Town of East Germantown, Wayne County, Indiana, and being more particularly described as follows, to w-wit: Beginning on the South side of the National Road, at the Northwest corner of a lot now or formerly owned by Charles Sorber, and described in Deed Record 132, Page 145, Wayne County, Indiana, and running thence West Sixty (60) feet, Six (6) inches, thence South remaining measuring from the South one of the cement sidewalk now in front of said land, a distance of One Hundred Fifty-eight (158) feet, parallel with Sorber's West line, thence East Sixty 960) feet, Six (6) inches, more or less to Charles Sorber's West line, thence North along said Sorber's West line to the place of beginning.
>
> SUBJECT TO: A Permanent Sanitary Sewer Easement 10 feet in width by parallel lines off the entire north side of a part of the Northeast Quarter of Section 25, Township 16 North, Range 12 East as described in Instrument Number 2001005938 in the Office of the recorder of Wayne County, Indiana.
>
> This property is commonly known as 220 Main St., Pershing, IN 47370 ("Real Estate").

The Real Estate is an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541.

3. The Trustee filed an Application to Employ Real Estate Agent which Application was approved by this Court's Order dated March 7, 2018 [Doc. 28].

4. The Trustee has received an offer to purchase the Real Estate for $99,900.00, pursuant to the attached purchase agreement. Please see Exhibit "A" attached hereto.

5. The proposed purchaser Gary D. Lawhorn is not believed to be related to the Debtor, nor to the Trustee.

6. The property is not believed to include personally identifiable information as defined in 11 U.S.C. §101(41A).

7. The Debtor's schedules do not list the Real Estate nor did the Debtor claim an exemption in the Real Estate.

8. Upon information and belief, the bankruptcy estate owns the Real Estate.

9. In order to liquidate the Debtor's interest in the Real Estate for the benefit of the creditors, it is necessary to sell the property.

10. Pursuant to 11 U.S.C. § 363(f), the Trustee may sell property free and clear of any interest in such property (with such interest to attach to the proceeds of the sale) under certain specified conditions, including (3) "if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens in such property" or (4) such interest is in bona fide dispute.

11. The Debtor did not schedule a secured creditor.

NOTICE: **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order affecting the property, or if you want the court to consider your views on the motion, then on or before April 23, 2018 you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

**Indianapolis**
116 U.S. Courthouse
46 E. Ohio Street
Indianapolis, IN 46204

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:
James T. Young
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Ste. 1400
Indianapolis, IN 46204

If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting the property.

WHEREFORE, applicant prays that the Trustee be authorized to sell the Real Estate as described in this Motion free and clear of all liens and encumbrances with all valid liens and encumbrances to attach to the proceeds of the sale, and that the Trustee and/or his counsel be authorized to execute such documents as are necessary to close the sale of the Real Estate.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Trustee

By: /s/Michael L. McDaniel
Michael L. McDaniel, Atty. No. 31420-49
James T. Young, Atty. No. 13834-71
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300; FAX (317) 453-8606
mmcdaniel@rubin-levin.net

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| Richard E. Boston | rebch7@bbkcc.com |
| Richard Wayne Greeson | wgreeson@greesonlaw.com |

I further certify that on April 2, 2018, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

See attached matrix

/s/ Michael L. McDaniel
Michael L. McDaniel

JTY/llk
G:\WP80\TRUSTEE\Boston\Osborne, Amy - 86142701\Mtn Sell RE.wpd